# IN THE COURT OF APPEALS OF TENNESSEE
## AT JACKSON

## COURTNEY LOGAN v. LISA HELTON ET AL.

**Appeal from the Chancery Court for Hardeman County**
**No. 19646    Kasey Culbreath, Judge**

**FILED**

DEC 0 6 2023

Clerk of the Appellate Courts
Rec'd By

**No. W2023-00063-COA-R3-CV**

Appellant, Courtney Logan, appealed a December 7, 2022 order of the Hardeman County Chancery Court. Because the order appealed is not a final judgment, this Court lacks jurisdiction to consider the appeal. Tenn. R. App. P. 3(a). The appeal is dismissed.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed.**

J. STEVEN STAFFORD, P.J., W.S.; ARNOLD B. GOLDIN, J..; CARMA DENNIS MCGEE, J.

Courtney R. Logan, Whiteville, Tennessee, *pro se*, appellant.

Andrée Sophia Blumstein, Solicitor General, for the appellees, Tennessee Department of Corrections, and Commissioner, TN. Dept. of Correction.

## MEMORANDUM OPINION[1]

Pursuant to the requirements of Rule 13(b) of the Tennessee Rules of Appellate Procedure, on October 31, 2023, the Court directed Appellant to show cause why this appeal should not be dismissed for lack of subject matter jurisdiction after it became clear that there was no final judgment from which an appeal as of right would lie. "A final

---

[1] Rule 10 of the Rules of the Court of Appeals provides:

This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

judgment is one that resolves all the issues in the case, 'leaving nothing else for the trial court to do.'" *In re Estate of Henderson*, 121 S.W.3d 643, 645 (Tenn. 2003) (quoting *State ex rel. McAllister v. Goode*, 968 S.W.2d 834, 840 (Tenn. Ct. App. 1997)). This Court does not have subject matter jurisdiction to adjudicate an appeal as of right if there is no final judgment. *See Bayberry Assocs. v. Jones*, 783 S.W.2d 553, 559 (Tenn. 1990) ("Unless an appeal from an interlocutory order is provided by the rules or by statute, appellate courts have jurisdiction over final judgments only.").

Specifically, Appellant, who is incarcerated, appealed a December 7, 2022 order of the trial court that denied his request to be transported to appear in a civil case. This is not a final order, as it does not resolve any claims between any parties. Although Appellant filed a response to this Court's October 31, 2023 Show Cause Order, the response failed to show good cause why this appeal should not be dismissed for lack of a final judgment.

In the absence of final judgment, this Court lacks jurisdiction to consider this appeal. Tenn. R. App. P. 3(a). Thus, the appeal is hereby DISMISSED. Costs on appeal are taxed to Appellant, Courtney Logan, for which execution may issue.

PER CURIUM